Sherwood Development Corp. v. McCormick, No. S1519-04 CnC  (Norton, J., Aug. 2, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                          SUPERIOR COURT
Chittenden County, ss.:                              Docket No. S1519-04 CnC

SHERWOOD DEVELOPMENT CORP.

v.

McCORMICK

ENTRY
(motion to amend & motion to limit attorney's fees)

    Plaintiff Sherwood Development moves to alter or amend a June 6, 2005 order granting Defendant Hubert McCormick attorney's fees.  Its argument is that the entry, based on a fee provision in an alleged contract, is inconsistent with the facts, Defendant's legal position, and equity. Defendant opposes this motion as an improper use of V.R.C.P. Rule 59(e) since there has been no change in the controlling law, no new evidence, or

any clear errors of law. 11 C. Wright, et al., <u>Federal Practice & Procedure</u> § 2810.1 (2d ed. 1995).

Putting Defendant's procedural argument aside for the moment, nothing in Plaintiff's motion undermines the conclusions of the earlier entry. Plaintiff filed its original complaint seeking enforcement of a purchase and sale agreement. It was dismissed because Plaintiff failed to comply with the contract's mandatory mediation clause. Neither Plaintiff's post fact willingness to comply with this mediation provision nor Defendant's dispute over the validity of the contract changes this conclusion. Defendant filed for attorney's fees because the contract, which Plaintiff sought to enforce, contained a fee provision. Since Plaintiff sought to enforce the contract and since the court has not ruled on its validity, assignment of fees was proper for the reasons given in the June 6 entry.

Plaintiff's excuses for not opposing Defendant's motion are also unpersuasive. Plaintiff claims that it relied on a statement by a clerk of the court that the motion would not be considered. This claim is unsubstantiated and unverified, but more importantly, it did not relieve Plaintiff of its duty to respond to a valid motion. Defendant's Rule 54 motion for fees was valid and had to be considered by the court, but Plaintiff's opposition was voluntary. V.R.C.P. 54. Plaintiff chose not to respond and cannot blame others. Finally, Plaintiff gives no compelling reasons as to what basis it would have opposed the motion. Instead, it restates contentions from its earlier opposition to dismiss. This court sees no compelling reason under Rule 59 to alter or amend its earlier entry.

The next question raised by the parties concerns the amount of attorney's fees for which Defendant is eligible. Defendant seeks $11,624

for itemized expenses.  Plaintiff disputes four line-item charges as inappropriate and argues that Defendant should not be eligible for fees after February 3 when Plaintiff offered to engage in mediation.  Defendant does not oppose these proposed modifications, and the court agrees.  The court finds that Plaintiff is liable to Defendant for $8158.15 in attorney's fees.

Based on the foregoing, Plaintiff's motion is Denied.  Plaintiff shall reimburse Defendant for attorney's fees in the amount of $8,158.15.

Dated at Burlington, Vermont_____, 2005.


_____
Richard W. Norton, Judge